538

4-9073                                      226 S. W. 2d 585

Opinion delivered February 6, 1950.

*Carroll W. Johnston,* for appellant.

*Gordon & Gordon,* for appellee.

HOLT, J. Appellant, Jackson, and appellee, Bos-tian, were competing lumber dealers, and also engaged in trucking operations in Morrilton, Arkansas.

The present suit was instituted by appellant against appellee originally to recover $6,000 for an alleged breach, by appellee, of a written contract between them, under the terms of which appellant agreed to purchase from appellee a truck and trailer, an Interstate Commerce (ICC) permit, and also a permit to operate trucks in the States of Oklahoma, Missouri and Kansas. The consideration for the truck and trailer was $3,500, for the ICC permit $2,000, the three States permit $500, or a total of $6,000, which appellant placed in escrow in a Morrilton bank to be delivered to appellee following fulfillment of certain conditions set forth in the contract.

The case comes to us on direct appeal and cross-appeal.

Upon a trial, the court made certain findings of fact which were embraced in the decree, and which we think were not against the preponderance of the testimony.

We do not attempt to detail the facts, but we here adopt the following recitals from the decree: "On the 7th day of November, 1947, the plaintiff, Jackson, and

the defendant, Bostian, entered into a written sale and purchase contract, the pertinent provisions of which are as follows:

" '(1)  The party of the first part (Bostian) has sold to the party of the second part (Jackson) one 1946 Model 1½ ton GMC truck and Fort Smith semi-trailer, together with ICC permit No. 107404.

" '(2)  The party of the second part (Jackson) agrees to pay party of the first part (Bostian) $6,000 for the above described truck, trailer and permit. This $6,000 is hereby deposited with the escrow agent to be delivered to party of the first part (Bostian) when and as following conditions are met (a) When notice has been received from Bureau of Motor Carriers that ICC permit No. 107404 has been transferred from Buddy Bostian to Ward J. Jackson, escrow agent shall immediately pay over to party of first part $5,500, Buyer (Jackson) to pay expense of State transfers; Seller (Bostian) pays expense of ICC transfer. (b) When transfer has been made and official notice given that said transfer has been made to Ward J. Jackson in the States of Missouri, Oklahoma and Kansas, escrow agent shall pay to party of first part (Bostian) the balance of the purchase price of $500 and shall deliver to party of second part (Jackson) Bill of Sale herein referred to.

" '(3)  The parties agree from the date of the contract the truck and trailer shall be operated by the party of the first part (Bostian) who shall collect all income from such operation and pay out all expenses necessary to operation thereof, and that when the $5,500 has been paid over by the escrow agent to party of the first part (Bostian) that he shall render to party of second part (Jackson) an itemized statement of income and expenses of operation of said equipment and shall pay to party of second part (Jackson) the net money received from such operations, said $5,500 shall be paid upon receipt from Seller (Bostian) stating interim operation has been settled between them.

" 'Time not having been made an essence of this contract, then on December the 14th, 1948, the date of the order of the Interstate Commerce Commission approving the transfer, or as soon thereafter as the parties received notice thereof, the whole of the $5,500 would have become payable, less the net amount received by Bostian from the operation of the truck and trailer as provided in said contract.

" 'The delay in procuring the transfer of the ICC permit appears to have been no fault of the parties, as prior to the date of the contract, they had joined in an application to the Commission for such transfer and some time in August, 1948, had been notified that such petition has been dismissed without prejudice. Thereafter on October the 18th petition of Bostian was filed for re-consideration of the order of dismissal which resulted in the order of transfer above referred to, so it is unnecessary for the Court to comment on the action or inaction of either party resulting, if it did, in the delay in procuring a transfer of the ICC permit, as each appears to have acted in good faith.'

"That the ICC permit No. 107404 belongs to the plaintiff Jackson as of the date of its transfer and he can take such action as he may desire as to keeping it current or having it cancelled.

"That the consideration for the transfer of the permits in the States of Oklahoma, Kansas and Missouri has failed and the $500 held in escrow by the agent should be returned to the plaintiff Jackson.

"That on or about the 15th day of January, 1948, the plaintiff and defendant entered into a verbal agreement whereby the defendant Bostian agreed to keep the 1946 model 1½ ton GMC truck and Fort Smith semi-trailer mentioned in the escrow agreement, and to permit plaintiff Jackson to draw down the sum of $3,500.

"That on or about December 18th, 1948, the escrow agent, First State Bank, paid to the plaintiff Jackson said $3,500. That of the balance of $2,000 held by the escrow agent, the same should be paid over to the de-

fendant Bostian, less $210.37 net profits from the operation of the truck and trailer as per contract, which amount should be paid by the escrow agent to the plaintiff, Jackson.

"That the entire cost of this proceeding is apportioned between the parties plaintiff and defendant on a 50-50 basis.

"IT IS THEREFORE considered, ordered, adjudged and decreed that the Escrow Agent, First State Bank, Morrilton, Arkansas, pay to the plaintiff, Ward J. Jackson, the sum of $710.37, and to the defendant, George T. (Buddy) Bostian, the sum of $1,789.63, and that the entire cost of this proceeding be apportioned against the parties, plaintiff and defendant, on a 50-50 basis.

"The plaintiff prays and is hereby granted an appeal to the Supreme Court, and the defendant prays and is hereby granted a cross-appeal."

Having reached the conclusion that the findings of the trial court were not against the preponderance of the evidence, the decree is correct and is affirmed both on direct and cross-appeal.